**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**UNITED STATES OF AMERICA**

**CASE NO. 5:18-CR-00026-8**

    **vs.**

**JAMES H. BLUME, JR.,** *ET AL.*

**O R D E R**

Pending before the Court is ***Motion of Defendant Mark Clarkson, D.O. for Agent Notes or Recordings of the Statements Given by Defendant Clarkson and Former Defendant Teresa Emerson on March 19, 2015*** (ECF No. 1026) filed on August 11, 2022. On August 18, 2022, the United States filed its ***Response*** (ECF No. 1108); subsequently, the undersigned held a hearing on the matter on August 25, 2022.

    In support of his Motion, Defendant Clarkson recalls providing a lengthy statement to special agents Robert Slease and John Loughery at the HOPE Clinic in Wytheville, Virginia on March 19, 2015. Although the Government gave him a report of interview (ROI) during discovery, Defendant recalls neither agent took notes during the interview and that parts of the discourse is missing from the ROI. The Government has described the ROI as containing the "substance" of his statement; he now moves for the production of the "entirety" of his statement, that he be provided the agents' notes of this interview, and if there is a recording of same, Defendant is entitled to that as well pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Additionally, Defendant moves for the production of any documents or recordings of former Defendant Emerson's statement provided at the time of the search, as he has not received anything

concerning her statement during discovery, as she may be called as a witness for the Government.

The Government asserted that it has satisfied the discovery requirements under *Brady v. Maryland* and its progeny, and states that there was no recording of Defendant's interview and the ROI contains the agent's handwritten notes, as per agency policy. The investigating agent does not recall interviewing former Defendant Emerson, and a search of his agency's files revealed no evidence that she was interviewed, therefore, there are no interview notes or recording concerning this former Defendant. At the hearing on August 25, the parties agreed to have the United States submit to the Court for *in camera* review, the handwritten notes and the ROI prepared in this matter.  On August 27, AUSA Monica Coleman forward to the undersigned's office an *ex parte* email containing the said documents and the following relevant portion of the email:

> … I am attaching the interview notes of Dr. Clarkson and the MOI[1] written from the interview notes. As directed by the Judge,  I have compared the interview notes to the MOI  and I believe that the eighth item down on page 4 of the notes, which appears to say "urine drug screen company  - sent out"  and then underneath that is written "_____ (I can't make out this word) into on drug screen company," is not contained in the MOI.  Also, on page 5, the fifth line down says "God, family first." I did not see any reference to God in the MOI although paragraph 4 on the second page of the MOI states that his concerns are "for his family . . . ."  Finally, I cannot make out the comment after the seventh arrow down on page 1 so I cannot verify that whatever it says is contained in the MOI.  It is the United States position that the MOI contains substantially the same information that is contained in the notes and, therefore, the notes are not discoverable.

The notes in question that are referenced in the above email are as follows:

Page 4 "eighth item down" [2]:



---

[1] While the Government refers to the official summary report of Defendant Clarkson's interview as "MOI", given that the Defendant refers to this document as ROI, the undersigned employs the term "ROI" herein to keep consistent with Defendant's Motion and to avoid confusion.

[2] The Court believes this reads as follows: "urine drug screen company → sent out" and "(unable to read name) has that info on drug screen company".

Page 5, "fifth line down" [3]:



Page 1, "comment after seventh arrow down" [4]:

## The Relevant Rules and Law

Federal Rule of Criminal Procedure 16(a)(1)(A) provides that

[u]pon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

Subsection (a)(1)(B)(ii) also provides that

[u]pon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following . . . the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent[.]

However, subsection (a)(2) provides that

[e]xcept as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor

---

[3] The Court agrees with the United States that the note states: "God, family first".
[4] The Government indicated that it "could not make out the comment after the seventh arrow". The undersigned cannot tell if AUSA Coleman is referring to the words immediately after the 7th arrow or if AUSA Coleman is referring to the arrow after the 7th arrow. Therefore, out of an abundance of precaution the Court has produced both in this Order. It is the undersigned's belief that the 7th and 8th arrows read as follows: "→Huge firing rate at the clinic… → not aware of that happening here – not deleting drug screens".

does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

The Fourth Circuit has clarified the Government's duty under Rule 16(a), holding that no violation occurs when a formal report which has been produced by the Government contains the entire contents of an officer's notes. United States v. Crowell, 586 F.2d 1020, 1029 (4th Cir. 1978); see also, United States v. Hinton, 719 F.2d 722, (4th Cir. 1983) (holding there is no obligation to preserve the rough notes of agents that were later incorporated in the agent's subsequent formal interview report)[5]; see also, United States v. Byrd, 2007 WL 1991149 (W.D. Virginia Jul. 5, 2007).

**Analysis**

During the hearing, Defendant Clarkson accepted as true the Government's representations that it did not possess any recordings of interviews of either Defendant Clarkson or former Defendant Emerson, and that the Government had no statements provided by former Defendant Emerson. However, Defendant Clarkson argued that he is entitled to the entire substance of his interview, and therefore entitled to the agent's notes concerning same. The Government emphasized that it complied with its discovery obligations, that the agent's handwritten notes were entirely incorporated into the ROI, therefore, Defendant is not entitled to those handwritten notes per Fourth Circuit jurisprudence. The Government was also concerned that should the Court grant Defendant's motion for the production of the agent's handwritten notes, it would set a new legal precedent.

Given Defendant's concern that the ROI left out portions of the interview, per his recollection, and that the agent's handwritten notes may not reflect the entire interview, the undersigned invited counsel for the Government to submit the agent's handwritten notes and the

---

[5] The Fourth Circuit's holding in Hinton concerned what were considered "statements" under the Jencks Act, and having determined that an agent's rough notes were not statements within the meaning of 18 U.S.C. § 3500.

ROI *ex parte* via email so that the Court could discern whether the Government complied with Rule 16 and relevant case law.[6] Having been able to review both the ROI and the agent's handwritten notes, the undersigned finds that the ROI nearly contains the entire contents of the handwritten notes, in sum, the handwritten notes and the ROI contains substantially the same information *verbatim*. More importantly, however, there is nothing from the agent's handwritten notes that are exculpatory or inculpatory that is missing from the ROI that would rise to a *Brady* violation. Indeed, Defendant Clarkson does not specifically allege any *Brady* violation occurred, only that Rule 16 "requires that he be supplied with the entirety of his statement without the government being able to edit it in any way" (ECF No. 1026 at 2). In short, the undersigned finds that Defendant Clarkson had been provided his statement, nearly word-for-word from the handwritten notes, in a format that is much easier to read than the agent's handwritten notes, and that the government did not edit his statement in any significant manner that deviates from the content of his statement. Nevertheless, as AUSA Coleman has acknowledged in her email to the Court, Defendant has not been provided the "entirety" of his statement, although as noted *supra*, the information in the handwritten notes taken by the special agent and omitted from the ROI seem insignificant.

Moreover, while the undersigned appreciates the Government's concern that it could be compelled to produce an investigator's handwritten notes in future criminal proceedings, there is no discernible reason or justification to withhold this discovery from a criminal defendant who asks for this information. In other words, it would be a different matter entirely if the agent had discarded or destroyed his handwritten notes after compiling same into the ROI, but that was not the case here. Further, Defendant Clarkson has only asked that he be provided these notes, if they

---

[6] Pursuant to Fed. R. Crim. Pro. 16(d)(1).

exist (and they do), not that the Government be compelled to preserve any rough notes of the investigating agents, or that it should be obligated in the future to do so. As noted *supra*, Defendant Clarkson has represented that during his lengthy statement, there are portions from that discourse that are omitted from the ROI, and asks for copies of the accompanying handwritten notes to see if the notes reflect his recollections. The undersigned is not satisfied that the Government can withhold this evidence, when it has this information in its possession, and where there is no demonstration that it would be unduly burdened by producing same. In short, in this specific instance, it does not harm either party in having the agent's handwritten notes disclosed to Defendant Clarkson, and given how long this action has been pending, it is reasonable that Defendant Clarkson be afforded all relevant admissible discovery pertaining to him, particularly in light of the Rule's ongoing obligations governing discovery.[7]

Accordingly, Defendant Clarkson's *Motion* (ECF No. 1026) is **DENIED** in **PART** to the extent that he asks for the agent's handwritten notes in their entirety and **GRANTED** in **PART** to the extent that he asks for production of the agent's handwritten notes that have been reproduced herein and that appear to have been omitted from the ROI. Further, to the extent that the Government must produce recordings of its interview with this Defendant, and any recordings, ROI or notes regarding former Defendant Emerson, Defendant's *Motion* is **DENIED** as **MOOT** given that such materials do not exist and Defendant Clarkson accepts this representation to be true.

In accordance with Rule 59(a) of the Federal Rules of Criminal Procedure, the ruling set forth above on the non-dispositive motions may be contested by filing, within 14 days, objections to this Order with District Judge Frank W. Volk. If objections are filed, the District Court will

---

[7] The undersigned emphasizes that the admissibility of discovery in this matter is a different matter altogether, and is to be addressed by the District Court should the parties believe that it warranted.

consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send a copy of this Order to the Defendants, counsel for Defendants and to the Assistant United States Attorney.

**ENTER: August 29, 2022.**

Omar J. Aboulhosn
United States Magistrate Judge

7